UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKUS PLOESSER, M.D., an individual,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO; MICHAEL RAGSAC; and DOES 1-10,<br><br>　　　　　　　Defendant. | Case No.: 3:20-cv-02511-BEN-LL<br><br>**ORDER GRANTING JOINT MOTION FOR LEAVE TO FILE AMENDED COMPLAINT ADDING ADDITIONAL DEFENDANT**<br><br>**[ECF No. 14]** |

## I. INTRODUCTION

Plaintiff Markus Ploesser, M.D., an individual ("Plaintiff" or "Dr. Ploesser"), brings this action against Defendants the City of San Diego; Michael Ragsac; and Does 1 through 10, for alleged violations of his constitutional rights when he was arrested on March 9, 2020, despite passing all field sobriety tests. ECF No. 1.

Before the Court is the Joint Motion for Leave to File an Amended Complaint Adding an Additional Defendant (the "Joint Motion"). ECF No. 14. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Joint Motion.

## II. BACKGROUND

### A. Statement of Facts

Plaintiff alleges that he is a physician and psychiatrist employed by the California Department of Corrections. ECF No. 1-2 at 3, ¶ 7. He pleads that on Monday, March 9, 2020 at approximately 9:15 p.m., he was driving on Olney Street in the Pacific Beach area of San Diego, heading to his home in Crown Point, when he was pulled over by San Diego Police Officer Michael Ragsac ("Officer Ragsac"). *Id.* at 3, ¶¶ 7-8.

Plaintiff further alleges that he provided his driver's license and registration upon request and answered all of the officer's questions. ECF No. 1-2 at 4, ¶ 9. However, Officer Ragsac asked Dr. Ploesser to submit to a nystagmus test[1] while seated in his car. *Id.* at 4, ¶ 10. Plaintiff alleges that he had not ingested any alcohol or drugs that evening, and there was no reason to suspect he had. *Id.* Even though Dr. Ploesser's eyes showed no nystagmus, Officer Ragsac ordered Dr. Ploesser to exit his vehicle and perform field sobriety tests. *Id.* at 4, ¶ 10. Although Dr. Ploesser alleges he passed these field sobriety tests as well, Officer Ragsac continued detaining Dr. Ploesser, eventually asking him to submit to a Preliminary Alcohol Screening ("PAS") to test for alcohol in his system. *Id.* at 4, ¶ 10-11. Dr. Ploesser complied, which showed a blood alcohol content level of 0.000, confirming the absence of alcohol in Dr. Ploesser's system. *Id.* at 4, ¶ 11. Despite passing this test as well, Plaintiff alleges that Officer Ragsac "arrested Dr. Ploesser without probable cause, ostensibly for driving under the influence of drugs." *Id.* at 4, ¶ 12. Additionally, Plaintiff alleges that his car was searched "without a warrant or any lawful justification." *Id.* at 4, ¶ 13.

Eventually, Plaintiff alleges that Officer Ragsac took Dr. Ploesser to the San Diego Police Station, where blood sample was drawn, tested, and showed no alcohol or drugs in his system. ECF No. 1-2 at 4-5, ¶ 13. Plaintiff pleads that he was booked into the San Diego County Jail where he was booked and held in a crowded cell with sick, intoxicated, and mentally ill inmates during the coronavirus pandemic, without appropriate coronavirus precautions, access to water or a working telephone. *Id.* at 5, ¶ 15.

---

[1] A nystagmus test "measures involuntary eye movements" and is used to check sobriety. *See United States v. Stanton*, 501 F.3d 1093, 1095 (9th Cir. 2007)

Plaintiff posted bail in order to secure his release from the county jail but had to hire a lawyer to assist him with the pending criminal charges, upcoming court date, and DMV's attempt to suspend his driver's license due to his arrest. *Id.* at 5, ¶¶ 16-17. Plaintiff alleges that ultimately, no criminal charges were filed, and several weeks later, he received a judicial determination of factual innocence based upon the stipulation of Dr. Ploesser's attorney and the San Diego City Attorney's Office. *Id.* at 5, ¶ 17.

### B.     Procedural History

On November 18, 2020, Plaintiff filed a complaint in the San Diego Superior Court, entitled *Marcus Ploesser v. City of San Diego, et al.*, Case No. 37-2020-00042161-CU-PO-CTL. ECF No. 1-2 at 2. Plaintiff pled causes of action for (1) constitutional violations pursuant to 42 U.S.C. § 1983 against Officer Ragsac; (2) false arrest against Officer Ragsac and the City of San Diego; (3) negligence against "all Defendants"; and (4) violations of California's Bane Act, CAL. CIV. CODE § 52.1, against Officer Ragsac and the City of San Diego. *See id.*

On December 29, 2020, Defendant removed the case to the Southern District of California. ECF No. 1. Shortly thereafter, on January 6, 2021, Defendant filed an Answer to the Complaint. ECF No. 2.

On May 21, 2021, Plaintiff and Defendants the City of San Diego and Officer Ragsac (collectively, the "Parties") submitted the instant Joint Motion for Leave to File a First Amended Complaint. ECF No. 14.

### III.   LEGAL STANDARD

Once a responsive pleading is filed, a plaintiff can amend a complaint "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990) (stating that leave to amend is to be granted with "extreme liberality").

### IV.   DISCUSSION

The Parties advise that "[f]ollowing initial discovery, Plaintiff desires to amend his

complaint to add as an individual defendant a second police officer, Jordan Wallace, who was involved in Plaintiff's arrest which is the subject of this lawsuit." ECF No. 14 at 1:17-19. The Parties advise that the proposed First Amended Complaint adds Mr. Wallace to the First Claim for Relief only, with no other substantive changes, and Defendants Officer Ragsac and the City of San Diego do not object to this amendment. *Id.* at 1:19-2:1.

Rule 15 of the Federal Rules of Civil Procedure provides that when a party seeks to amend a complaint after a responsive pleading has been filed, the party may do so as long as (1) the opposing party consents *or* (2) the Court grants leave to amend. Thus, where the opposing party has consented to the amendment, leave of court is not required. As such, the Court **GRANTS** this Joint Motion. However, the Court notes that Plaintiff has named Does 1 through 10 in this lawsuit, which is improper.

While the original complaint was filed in the superior court, where the practice of pleading "doe defendants" is permitted under California's code pleading standard, the Federal Rules of Civil Procedure ("FRCP") neither authorize nor prohibit the use of fictitious parties. *Indian Hills Holdings, LLC v. Frye*, No. 320CV00461BENAHG, 2021 WL 1139419, at *9 (S.D. Cal. Mar. 25, 2021). However, FRCP 10 does require a plaintiff to include the names of all parties in his complaint. *See Keavney v. Cty. of San Diego*, No. 319CV01947AJBBGS, 2020 WL 4192286, at *4-5 (S.D. Cal. July 21, 2020) (Battaglia, J.) (citing Fed. R. Civ. P. 10(a)). Further, naming doe defendants implicates Rule 4 requiring service of the complaint. *Id.* (noting that "it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant"); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (same). "A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Keavney*, 2020 WL 4192286 at *4-5. Where a plaintiff fails to link the alleged wrong or explain how any of the unidentified parties he sued personally caused a violation of his rights, the court must

dismiss those individuals, especially when they have not been served. *See, e.g.*, FED. R. CIV. P. 4(m) (providing that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *see also* S.D. Cal. Civ. R. 41.1(a); *Keavney*, 2020 WL 4192286 at *4-5 (dismissing the plaintiff's first amended complaint).

Even if the FRCP permitted doe defendant pleading, Plaintiff would still need to seek leave of court in order to substitute in the true names of those defendants unless the other party consents to the addition to the new party, as is the case with the instant Joint Motion. As such, the Court dismisses the doe defendants. Plaintiff may seek leave of court to file an amended complaint adding other defendants, if and when necessary, or if the opposing party consents, Plaintiff may simply file the amended complaint.

## V. CONCLUSION

For the above reasons, the Court **GRANTS** the Joint Motion and instructs Plaintiff to file the First Amended Complaint on the docket within five calendar days of the court granting this Joint Motion, or by Wednesday, June 2, 2021. However, all doe defendants must be removed from the First Amended Complaint prior to filing it on the docket.

**IT IS SO ORDERED.**

DATED:   May 28, 2021

**HON. ROGER T. BENITEZ**
United States District Judge